UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHRISTOPHER ROTH,

Plaintiff,

     -against-

CITY OF NEW YORK, DANIEL GOLAT, Individually,
KENNETH GREENE, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 7251
(RJD) (SMG)

<u>Jury Trial Demanded</u>

     Plaintiff CHRISTOPHER ROTH, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

<u>**JURISDICTION**</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CHRISTOPHER ROTH is a twenty-seven year old man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, DANIEL GOLAT, KENNETH GREENE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On September 14, 2013, at approximately 2:00 a.m., on Forest Avenue in the vicinity of Van Pelt Avenue, Staten Island, New York, plaintiff CHRISTOPHER ROTH was lawfully operating a motor vehicle when defendant NYPD Officers DANIEL GOLAT and KENNETH GREENE unlawfully stopped ROTH's vehicle, and thereafter unlawfully searched ROTH and his vehicle in the absence reasonable suspicion to believe ROTH or his passenger had committed any crime or offense.

13.     Defendants GOLAT and GREENE falsely arrested ROTH, handcuffing ROTH despite lacking probable cause to believe ROTH had committed any crime or offense.

14.     GOLAT and GREENE transported ROTH to the NYPD's 121st precinct stationhouse and unlawfully imprisoned him therein until approximately 5:00 a.m., when they released ROTH with a desk appearance ticket, issued by defendant GOLAT.

15.     As a result of the issuance to ROTH of the desk appearance ticket, ROTH was compelled to appear in Richmond County Criminal Court on October 16, 2013, when he was arraigned on baseless charges filed under docket number 2013RI008599; said charges having been filed based on the allegations of the defendant GOLAT.  The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against ROTH for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process.

16.     The malicious prosecution compelled plaintiff to return to Richmond County Criminal Court on November 25, 2013 and on January 24, 2014.

3

17.     On January 24, 2014, the purported charge that was levied against ROTH based on the false allegations of GOLAT was dismissed and sealed.

18.     Defendants GOLAT and GREENE either participated in or otherwise failed to intervene in the above described acts of misconduct.

19.     Defendant John and/or Jane Doe supervisory officers oversaw and supervised defendants GOLAT and GREENE, and otherwise authorized plaintiff's arrest despite knowing that plaintiff had committed no crime.

20.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality, specifically the City of New York has failed to train its police officers on the proper identification of "per se" weapons under the New York State Penal Law, as well as pursuant to a custom or practice of falsification.

21.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the identification of "per se" weapons under the New York State Penal Law, and that they engage in a practice of falsification.

22.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to

4

violate the plaintiffs' civil rights.

23.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

<u>**Federal Claims**</u>

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(Deprivation of Rights Under 42 U.S.C. § 1983)</u>

25.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.    All of the aforementioned acts deprived plaintiff CHRISTOPHER ROTH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff CHRISTOPHER ROTH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34.     Defendants caused plaintiff CHRISTOPHER ROTH to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff CHRISTOPHER ROTH.

38.    Defendants caused plaintiff CHRISTOPHER ROTH to be prosecuted without any probable cause until the charges were dismissed on or about January 24, 2014.

39.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants issued criminal process against plaintiff CHRISTOPHER ROTH by causing his arrest and prosecution in a criminal court.

42.    Defendants caused plaintiff CHRISTOPHER ROTH to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

7

43.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTOPHER ROTH, whose constitutional rights were being violated in their presence by other officers.

46.     The defendants failed to intervene to prevent the unlawful conduct described herein.

47.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

48.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTOPHER ROTH'S rights as described herein.  Among other failures, the New York City Police Department has failed to properly train its employees with regard to the identification of a billy and other "per se" weapons under the New York State Penal Law. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF

9

NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTOPHER ROTH.

56.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER ROTH as alleged herein.

57.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHRISTOPHER ROTH as alleged herein.

58.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHRISTOPHER ROTH was unlawfully arrested and maliciously prosecuted.

59.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER ROTH'S constitutional rights.

60.    All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER ROTH of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from the failure to intervene;

D.    To receive his right to fair trial;

E.    To be free from malicious prosecution; and

F.    To be free from malicious abuse of process.

61.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.    Plaintiff has complied with all conditions precedent to maintaining the instant

11

action.

67.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants arrested plaintiff CHRISTOPHER ROTH without probable cause.

70.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

71.     As a result of the aforementioned conduct, plaintiff CHRISTOPHER ROTH was unlawfully imprisoned in violation of the laws of the State of New York.

72.     As a result of the aforementioned conduct, plaintiff CHRISTOPHER ROTH suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

73.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

12

75.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH was placed in apprehension of imminent harmful and offensive bodily contact.

76.    As a result of defendant's conduct, plaintiff CHRISTOPHER ROTH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants made offensive contact with plaintiff CHRISTOPHER ROTH without privilege or consent.

80.    As a result of defendants' conduct, plaintiff CHRISTOPHER ROTH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff CHRISTOPHER ROTH.

84.     Defendants caused plaintiff CHRISTOPHER ROTH to be prosecuted without probable cause until the charges were dismissed on or about January 24, 2014.

85.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

86.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants issued criminal process against plaintiff CHRISTOPHER ROTH by causing him to be arrested, arraigned and prosecuted in criminal court.

88.     Defendants caused plaintiff CHRISTOPHER ROTH to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

89.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff CHRISTOPHER ROTH.

92.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93.     As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

15

participated in the excessive use of force against and the arrest of plaintiff CHRISTOPHER ROTH.

96.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

99.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

102.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Violation of NYS Constitution Article 1 §12)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    As a result of defendants' conduct, plaintiff CHRISTOPHER ROTH was deprived of his right to security against unreasonable searches, seizures, and interceptions.

105.    As a result of the foregoing, plaintiff CHRISTOPHER ROTH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

17

**WHEREFORE**, plaintiff CHRISTOPHER ROTH demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 14, 2015

                       LEVENTHAL & KLEIN, LLP
                       Attorneys for Plaintiff CHRISTOPHER ROTH
                       45 Main Street, Suite 230
                       Brooklyn, New York 11201
                       (718) 722-4100

               By:                            
                       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

CHRISTOPHER ROTH,

                                        Plaintiff,              Docket No.

        -against-

CITY OF NEW YORK, DANIEL GOLAT, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


                            **COMPLAINT**




                    **LEVENTHAL & KLEIN, LLP**
                        Attorneys for the Plaintiff
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                            (718) 722-4100